■    In the Matter of the Claim of CARMEN D. SORINO, Respondent, against REMINGTON RAND, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by a self-insured employer from a decision and award of the Workmen's Compensation Board, holding that the claimant's injury had arisen out of and in the course of his employment. The injury was sustained by the claimant while playing softball in an interdepartmental softball league. The claimant had finished his work at four o'clock on the day of the accident and he had gone home and then returned about 6:00 P.M. to play in the game. He was injured shortly thereafter. The league was known as the "Remington Rand Athletic Association". The association was an informal one, headed by one Redner, a fellow employee, who had been informally elected as president about 8 years before the occurrence of the accident. The league was composed of teams from various departments of the employer's plant. The games were played on company property on a diamond which was maintained by the employer. The employer paid the umpires for the games. The bats and balls and other materials were supplied by the employer. The players did not use uniforms but wore T shirts on which the departments numbers were printed. At the beginning of each season, when the weather got warm, Redner would post notices and prepare a schedule of games. The typing and mimeographing were done by the office staff of the company personnel manager. At the end of each season, a dinner was held for all the players; each was charged $1 for a ticket but the appellant-employer paid the rest of the cost of the dinner, which amounted to over $300. The total annual expenditure by the employer in connection with the softball league was found by the board to be about $800. The question presented upon this appeal is whether this case falls within *Matter of Wilson* v. *General Motors Corp.* (298 N. Y. 468) in which an injury in a baseball game was held not to be within the course of employment or whether it falls within *Matter of Tedesco* v. *General Elec. Co.* (305 N. Y. 544) in which a baseball injury was held to be an industrial accident. It seems to us that this case comes much closer to the *Tedesco* case than to the *Wilson* case. The significant factors relied on in the *Tedesco* case to sustain the award are present here: (1) the activities were on the premises of the employer; (2) the employer

gave substantial financial support; (3) the employer could halt the program at any time. These facts indicate that the employer had ultimate control over the league activities. The remaining factor mentioned in the *Tedesco* case was the advertising advantage to the employer. There was no publicity given to the games in this case so that there was no advertising benefit to the employer, but the presence of the other factors seems to us to be sufficient to bring this case within the holding of *Tedesco*. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.